UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |
|---|---|
| IN RE FORTERRA INC. SECURITIES LITIGATION | § § Civil Action No. 3:18-CV-01957-X § § § CLASS ACTION § |

## CLASS DISTRIBUTION ORDER

Having considered all materials and arguments submitted in support of Plaintiffs' Unopposed Motion for Class Distribution Order [Doc. No. 148], including the Memorandum of Law in Support thereof, the Declaration of Matthew Mulvihill in Support of Plaintiffs' Motion for Class Distribution Order (the "Mulvihill Declaration"), and the Declaration of Cheri Meyer in Support of Plaintiffs' Motion for Class Distribution Order, the Court **GRANTS** the motion and issues this Class Distribution Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

This Class Distribution Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (ECF No. 123-1, the "Stipulation"). All terms not otherwise defined shall have the same meanings as set forth in the Stipulation or the Mulvihill Declaration.

This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

As set forth in the Mulvihill Declaration, the administrative determinations of the Claims Administrator in accepting and rejecting Claims are approved.

1

Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits C-1 and C-2 of the Mulvihill Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibit C-3 of the Mulvihill Declaration are approved.

As set forth in the Mulvihill Declaration, no new Claims received after April 16, 2021, or responses to deficiency letters received after May 3, 2021, may be included in the distribution.

The distribution plan for the Net Settlement Fund, as set forth in the Mulvihill Declaration and accompanying exhibits, is approved. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. To encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF ISSUE DATE." Authorized Claimants who fail to negotiate a distribution check within the time allotted will irrevocably forfeit all recovery from the Settlement unless good cause is shown.

After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the

2

Claims Administrator shall conduct a redistribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such redistribution. Additional redistributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional redistributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective.

At such time as Lead Counsel, in consultation with the Claims Administrator, determine that no additional distributions are cost-effective, then the funds will be donated to Investor Protection Trust, a non-sectarian, not-for-profit organization.

The administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and, therefore, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement. All Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from

making any further claims against the Net Settlement Fund or Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiffs or Plaintiffs' Counsel, in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to them pursuant to this Order. As previously provided in the Preliminary Approval Order and Stipulation, none of the Defendants, Defendants' Counsel, or any other of Defendants' Releasees shall have any responsibility or liability whatsoever for the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members, or Lead Counsel.

The Claims Administrator is authorized to discard: (i) paper and hard copies of all Claim Forms and supporting documents two years after the initial distribution or one year after the second distribution (if it occurs); and (ii) electronic or magnetic media data not less than one year after the final distribution of the Net Settlement Fund to Authorized Claimants.

**IT IS SO ORDERED** this 4th day of August, 2021.

 

 

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

4